# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RONALD DALE MCBRIDE,

                    Petitioner,                  Case Number: 2:06-CV-15380

v.                                   HONORABLE VICTORIA A. ROBERTS

BLAINE LAFLER,

                    Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

      Petitioner Ronald McBride, Jr., filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner, a state inmate incarcerated at the Carson City Correctional Facility in Carson City, Michigan, challenges his convictions for first- and second-degree criminal sexual conduct.  Respondent argues that the petition should be denied because Petitioner failed to comply with the Court's prior order staying the proceedings and because the claims are without merit and/or procedurally defaulted.

      The Court denies the petition.

## I.  Background

## A.  Facts

Petitioner's convictions arise from allegations made by June N.[1] concerning

_____

[1]  To protect the identity of the minor victim in this case, the Court refers to the victim and her family members only by their first names and the first initial of their last names.

Petitioner's actions when she slept at his home in March 2003. June testified that, in 2003, she spent the night before a St. Patrick's Day parade at Petitioner's home so that she could then attend the parade with Petitioner, his wife, and their three sons. June fell asleep on the couch while watching television. She was awakened by someone touching her private area. June testified that her nightgown was pulled up and her underwear was around her ankles. She testified that Petitioner touched her "private area" with a finger and a tongue. She testified that he also touched her "butt."

June's mother, Aimee N., testified that she and Petitioner's wife, Susan McBride, are cousins. Until the allegations against Petitioner arose, Aimee N. enjoyed a good relationship with Susan and Petitioner. June spent had spent the night at Petitioner's home on several occasions.

Two of Petitioner's three sons, Alex, 8, and Skyler, 11, testified in Petitioner's defense. Both boys testified that they fell asleep in the living room the night before the St. Patrick's Day parade. Alex testified that, at the parade, June acted normal and, when her mother came to pick her up, she hugged Petitioner good-bye. Skyler testified that June hugged Petitioner and told him she loved him before she left.

Petitioner's wife, Susan McBride, testified that June slept on the living room couch in a pair of sweatpants Susan gave her. Susan and her three sons also slept in the living room. Susan testified that she suffered from insomnia and slept only for about an hour that night. Petitioner was in the backyard with a couple of friends until approximately 1:00 a.m. When he came inside, he said he did not feel well and vomited in the

2

bathroom.  Petitioner then returned to the living room and checked on the sleeping

children.  According to Susan, Petitioner noticed Sawyer's and June's blankets were

tangled, so he lifted their feet and straightened their bedding.  He then went to bed in their

bedroom.

Petitioner did not testify in his own defense.

### B.  Procedural History

Petitioner was convicted by a jury in Bay County Circuit Court of first- and

second-degree criminal sexual conduct.  On October 11, 2004, he was sentenced to 135 to

300 months imprisonment for the first-degree criminal sexual conduct conviction and 115

to 180 months imprisonment for the second-degree criminal sexual conduct conviction.

In January 2005, Petitioner filed a motion for resentencing and motion for new

trial in the trial court on the ground that his trial attorney was ineffective.  The trial court

held an evidentiary hearing; defense counsel testified.  Following the hearing, the trial

court denied the motions.  *See* 2/18/05 Transcript, pp. 54-57.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising three

claims for relief: (i) the trial court erred in scoring offense variables 4 and 11; (ii) the trial

court improperly denied his motion for new trial; and (iii) the trial court erred in denying

his motion for directed verdict because insufficient evidence was presented to support

convictions.  The Michigan Court of Appeals affirmed Petitioner's convictions and

sentences.  *People v. McBride*, No. 259326 (Mich. Ct. App. Apr. 11, 2006).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court,

3

raising the same claims presented to the Michigan Court of Appeals.  The Michigan

Supreme Court denied leave to appeal.  *People v. McBride*, 477 Mich. 896 (Mich. 2006).

Petitioner then filed a petition for a writ of habeas corpus, presenting the following

claims:

    I.     The trial court erred in scoring offense variables 4 and 11 and resentencing
         is required.

    II.    The trial court erred in denying Petitioner's motion for new trial.

    III.   There was insufficient evidence to support a finding of guilt beyond a
         reasonable doubt.

Petitioner sought a stay of the habeas proceedings to allow him to return to state

court to exhaust additional claims.  The Court granted the stay.  After exhausting his state

court remedies, Petitioner asked this Court to lift the stay.  The Court granted the request.

Petitioner filed an amended petition.  In addition to raising the claims listed above,

Petitioner raises the following additional claims:

    IV.   Defendant's Fifth, Sixth, and Fourteenth due process, fair trial rights were
         violated when the trial court abused its discretion in allowing a screen
         between defendant and witness, refused to allow defense's offer of proof,
         the court allowed a second playback of one witness's testimony, the trial
         judge was absent at a critical stage of the proceeding, the court failed to
         give requested instructions and to reinstruct and failed to ask defendant if he
         wanted to testify before releasing jury and after stating the end of evidence.

    V.    Defendant was denied his Fifth, Sixth, and Fourteenth Amendment rights
         under the state and federal constitutions by trial counsel's failure to object
         to the screen at preliminary examination, failed to object to amending the
         charges, and failed to timely file an offer of proof, failed to inform
         defendant of his right to be present, created a conflict with defendant, and
         failed to inform defendant of his right to testify.

4

VI.   Defendant was denied effective assistance of appellate counsel under the state and federal constitutions when he failed to visit or consult with defendant, failed to raise the above issues, and failed to provide requested transcripts to defendant.

## II. Standard

The petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (*quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct

5

governing legal principle from [the Supreme] Court but unreasonably applies that
principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)
(*quoting Williams*, 529 U.S. at 413). However, "[i]n order for a federal court to find a
state court's application of [Supreme Court] precedent 'unreasonable,' the state court's
decision must have been more than incorrect or erroneous. The state court's application
must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations
omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim
lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree'
on the correctness of the state court's decision." *Harrington v. Richter*, __ U.S. __, 131 S.
Ct. 770, 789 (2011), *quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).
"Section 2254(d) reflects the view that habeas corpus is a guard against extreme
malfunctions in the state criminal justice systems, not a substitute for ordinary error
correction through appeal. . . . As a condition for obtaining habeas corpus from a federal
court, a state prisoner must show that the state court's ruling on the claim being presented
in federal court was so lacking in justification that there was an error well understood and
comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*
at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of
whether the state court's decision comports with clearly established federal law as
determined by the Supreme Court at the time the state court renders its decision. *See*
*Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court]

6

cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).  "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich.2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations.  See 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption only with clear and convincing evidence.  *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III.  Discussion

### A.  Petitioner's Compliance With Court's Order

Respondent argues that the petition should be dismissed because Petitioner failed to comply with the terms of the Court's order granting a stay.  The Court granted the stay conditioned upon Petitioner filing a motion for relief from judgment in the trial court within sixty days from the date of the stay order and filing a motion to lift the stay and an amended petition in this Court within sixty days after the conclusion of state court proceedings.  Respondent claims that Petitioner failed to move to lift the stay within sixty days of exhausting his state court remedies.  The Michigan Supreme Court denied

7

Petitioner's application for leave to appeal on April 28, 2009.  Petitioner filed a motion to lift the stay and an amended petition on May 6, 2009, well within the sixty days required. Therefore, Petitioner complied with the terms of the Court's order.  Respondent's request for dismissal of the petition on the grounds that Petitioner did not comply is denied.

## B.  Scoring of Offense Variables

In his first claim for habeas relief, Petitioner argues that the trial court incorrectly scored offense variables 4 and 11.

It is well-established that "'federal habeas corpus relief does not lie for errors of state law.'"  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).  Petitioner's argument that the state court erred in scoring his sentencing guidelines is based solely on the state court's interpretation of state law.  It does not implicate any federal rights.  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law.").  "[A] claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review."  *See Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *see also Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999)(same); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987) (same).  Habeas corpus relief is not available for this claim.

## C.  Denial of Motion for New Trial

Second, Petitioner argues that the trial court erred in denying his motion for a new trial. Petitioner moved for a new trial on the ground that he received ineffective assistance of trial counsel. The Court addresses Petitioner's ineffective assistance of counsel claims below and holds that Petitioner fails to establish counsel's ineffectiveness. Therefore, he cannot show that the trial court erred in denying his motion for new trial.

## D. Sufficiency of the Evidence

Petitioner argues that insufficient evidence was presented to sustain his conviction. He claims that the victim did not definitively identify him as the perpetrator.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010) (citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether,

9

viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, (citing *Jackson,* 443 U.S. at 319). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id.*

Michigan law defines first-degree criminal sexual conduct, as charged in this case, as (1) a person engaging in sexual penetration (2) with another person under thirteen years of age. Mich. Comp. Laws § 750.520b(1)(a); *see also People v. Hammons*, 210 Mich. App. 554, 534 N.W.2d 183, 184 (1995). The elements of second-degree criminal sexual conduct, as relevant to this case, are (1) sexual contact (2) with a person under thirteen years of age. *See* Mich. Comp. Laws § 750.520c(1) (a). "Sexual penetration" is defined by the statute as "sexual intercourse ... or any other intrusion, however, slight, of any part of a person's body or of any object into the genital or anal openings of another person's body." Mich. Comp. Laws § 750.520a(o).

The victim testified that, on the evening before St. Patrick's Day 2003, she spent the night at Petitioner's home. She spent the night so that she could attend the next day's St. Patrick's Day parade with Petitioner, his wife, and three sons. She testified that, she slept on the couch that night and woke to find someone touching her private area with his hand and tongue. Although she repeatedly referred to the person touching her as "somebody," "he" or "him," the victim did identify Petitioner as the person who touched

10

her that night.  The Michigan Court of Appeals held that this testimony was sufficient to identify Petitioner as the perpetrator beyond a reasonable doubt.  This Court agrees. Habeas relief is denied on this claim.

### E.  Procedural Default

Respondent argues that Petitioner's remaining claims are procedurally defaulted. Federal habeas relief is precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules.  *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977).  The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent."  *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell*, 244 F.3d 533, 539 (6th Cir. 2001).  The last explained state court judgment should be used to make this determination.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991).  If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

Petitioner's remaining claims were raised for the first time on collateral review in state court.  The Michigan Supreme Court denied relief pursuant to Michigan Court Rule 6.508(D), which provides, in part, that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.  *See* Mich. Ct. R. 6.508(D)(3).  The

11

United States Court of Appeals for the Sixth Circuit has held that the form order used by the Michigan Supreme Court to deny leave to appeal in this case is unexplained because its citation to Michigan Court Rule 6.508(D) is ambiguous as to whether it refers to a procedural default or a rejection on the merits. *See Guilmette v. Howes*, 624 F.3d 286, 291-92 (6th Cir. 2010) (en banc). Consequently, under *Guilmette*, the Court must "look through" the unexplained order of the Michigan Supreme Court to the state trial court's decision to determine the basis for the denial of state post-conviction relief. *Id.*

The state trial court clearly denied relief on procedural grounds. The trial court cited Michigan Court Rule 6.508(D)(3) and concluded that Petitioner could not establish cause and prejudice because his underlying claims lacked merit and that he had not shown that a miscarriage of justice had occurred. Accordingly, Petitioner's remaining claims are procedurally defaulted.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

Petitioner asserts ineffective assistance of appellate counsel as cause to excuse the procedural default. *See Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000) ("[I]neffective assistance of counsel can provide the necessary 'cause' for the procedural

12

default"). The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). A petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 754 (1983).

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

The state trial court held that appellate counsel was not ineffective in failing to raise Petitioner's claims on direct appeal because the claims lacked merit. To evaluate the reasonableness of the state court's conclusion that appellate counsel was not ineffective, the Court considers in turn the strength of each defaulted claim.

### 1.      Placement of Screen Between Petitioner and Victim

Petitioner argues that his right of confrontation was violated because he was physically screened from the victim during her preliminary examination testimony. "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The right to a trial by jury is predicated upon the belief "'that the 'evidence developed' against a defendant shall come from the

13

witness stand in a public courtroom where there is full judicial protection of the defendant's right of confrontation, of cross examination, and of counsel.'" *Pointer v. Texas*, 380 U.S. 400, 405 (1965), *quoting Turner v. State of Louisiana*, 379 U.S. 466, 472-73 (1965).

In its order denying Petitioner's motion for relief from judgment, the trial court held that, while the victim testified from behind a screen at the preliminary examination, she did not testify from behind a screen at trial. The trial court found no Confrontation Clause violation because Petitioner enjoyed a face-to-face confrontation with the victim at trial. Petitioner does not dispute the trial court's factual finding. Therefore, the relevant question is whether the screen at the preliminary examination violated Petitioner's right of confrontation. Petitioner cites no case holding that the Sixth Amendment right of confrontation applies to a pretrial hearing. The Supreme Court has held that "[t]he right to confrontation is basically a trial right." *Barber v. Page*, 390 U.S. 719, 725 (1968). *See also Nelson v. O'Neil*, 402 U.S. 622, 626 (1971) ("[T]he 'confrontation' guaranteed by the Sixth and Fourteenth Amendments is confrontation at trial . . "). The Confrontation Clause bars "admission of testimonial statements of a witness who did not appear *at trial* unless he was unavailable to testify, and the defendant had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004) (emphasis supplied). *See also Pennsylvania v. Ritchie*, 480 U.S. 39, 52 (1987) ("The opinions of [the Supreme] Court show that the right to confrontation is a trial right, designed to prevent improper restrictions on the types of questions that defense

14

counsel may ask during cross-examination.").  Courts in other circuits have consistently held that the Confrontation Clause does not apply to pre-trial hearings.  *See e.g., Finkel v. Walker,* No. CV-10-536-PHX-FJM, 2011 WL 2746297, *11-12 (D. Ariz. May 9, 2011) ("[T]he Confrontation Clause does not confer a right to cross-examination during . . . a pretrial hearing."); *Jones v. Woods,* No. 07-cv-01326, 2009 WL 4906882, *3 (E.D. N.Y. Dec. 18, 2009) (same); *U.S. ex rel. Thomas v. Gaetz*, 633 F. Supp. 2d 645, 657 (N.D. Ill. 2009) (finding no Supreme Court precedent extending Confrontation Clause protections to pre-trial hearings).

Because no clearly established Supreme Court precedent supports Petitioner's argument that the Confrontation Clause applies to pretrial proceedings, the state court cannot be said to have unreasonably applied clearly established Federal law in denying this claim.  Therefore, the state court's finding that appellate counsel's failure to raise this claim on direct appeal was not ineffective is a reasonable application of *Strickland.*

### 2.   Evidentiary Ruling

Petitioner argues that trial court violated his right to due process by excluding testimony from Dennis N., June's father, that police investigated the possibility that two of June's cousins had inappropriate sexual contact with her.  Petitioner argued the evidence was relevant because it could be used to show that the victim's father fabricated the sexual assault allegations against Petitioner in an attempt to protect relatives. Petitioner also argued that he would have elicited from Dennis N. testimony that he and Petitioner had a long-standing dislike for one another.

15

Petitioner raised this claim in his motion for relief from judgment, filed in the trial court. The trial court, although finding this claim procedurally barred, nevertheless addressed the merits of the claim in denying Petitioner's motion for relief from judgment. The state court held that the evidence was properly excluded because it was irrelevant and collateral to the issues at hand. The judge reasoned that the evidence did not challenge June's credibility directly. Instead, it challenged the credibility and motives of her father. The trial court further noted that the victim's mother was questioned about Dennis N.'s relationship with Petitioner.

"'[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" *Ege v. Yukins*, 485 F.3d 364, 375 (6th Cir.2007) (*quoting Estelle v. McGuire*, 502 U.S. 62, 68 (1991)). The standard of review is therefore "very deferential" on claims regarding the admission of evidence in state court. *Hudson v. Lafler*, 421 F. App'x 619, 627 (6th Cir. 2011). An evidentiary ruling may violate due process only where it "is so egregious that it results in a denial of fundamental fairness." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). Whether an error in the admission of evidence "constitutes a denial of fundamental fairness turns upon whether the evidence is material in the sense of a crucial, critical[,] highly significant factor." *Brown v. O'Dea*, 227 F.3d 642, 645 (6th Cir. 2000).

The right to present a defense is a fundamental tenet of due process, but, "a defendant's right to present evidence is not unlimited, but rather is subject to reasonable restrictions." *United States v. Scheffer*, 523 U.S. 303, 307 (1998). Indeed, "[a]

16

defendant's interest in presenting . . . evidence may thus bow to accommodate other legitimate interests in the criminal trial process." *Id.* (internal quotations omitted). However, the exclusion of evidence is unconstitutional where it "infringe[s] upon a weighty interest of the accused." *Id.*, *citing Rock v. Arkansas*, 483 U.S. 44, 58, 107 S. Ct. 2704 (1987); *see also Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S. Ct. 1038 (1973); *Washington v. Texas*, 388 U.S. 14, 22-23, 87 S. Ct. 1920 (1967).  Petitioner's attorney was able to cross-examine June, and challenge her credibility through other witnesses whose testimony, if believed, would have seriously undermined June's credibility.  The jury had sufficient information through witness testimony and counsel's arguments to assess the prosecution's case and to evaluate June's credibility and motives.  The state court's conclusion that this testimony was collateral and irrelevant and, therefore, inadmissible was a reasonable conclusion.  Defense counsel's right to present a defense was not violated by exclusion of this testimony.

Further, exclusion of this evidence did not improperly deny Petitioner the opportunity to impeach June through her father's testimony.   The Sixth Circuit Court of Appeals has held that the sweep of the Confrontation Clause does not "'encompass the right to impeach an adverse witness by putting on a third-party witness.'" *Jordan v. Warden*, __ F.3d __, 2012 WL 997476, *8 (6th Cir. March 27, 2012) (quoting *Harrington v. Jackson,* 1 F. App'x 367, 370 (6th Cir. 2001)).  Where a defendant is afforded a sufficient opportunity to cross-examine a victim directly, exclusion of third-party impeachment evidence is generally favored.  *Id.*  The state court's decision excluding this

17

testimony is not contrary to or an unreasonable application of federal law.  Therefore, appellate counsel was not ineffective in failing to raise this claim.

### 3. Absence of Judge During Critical Stage

Next, Petitioner argues that his right to a fair trial when the judge did not remain in the courtroom while a portion of the victim's testimony was read back to the jury.  "'A trial consists of a contest between litigants before a judge.  When the judge is absent at a 'critical stage' the forum is destroyed" because the structure has been removed.  *U.S. v. Kone*, 307 F.3d 430, 442 (6th Cir. 2002) (quoting *U.S. v. Mortimer*, 161 F.3d 240, 241 (3d Cir. 1998)).  The structure is preserved if the parties consent to excuse the presence of the judge.  *Id.*  No Supreme Court precedent establishes the reading back of testimony as a critical stage.  *LaCrosse v. Kernan*, 244 F.3d 702, 708 (9th Cir. 2010).  *Accord Perry v. Howes*, 1988 WL 74153, *4 (6th Cir. July 19, 1988) (rereading of testimony to the jury after the submission of the case for deliberation did not represent a critical stage in trial).

In this case, defense counsel and Petitioner were present when the trial judge discussed the jury's request for reading back the testimony.  The parties discussed the matter and, upon a ruling from the judge granting the request, discussed the procedure for reading back testimony.  Defense counsel agreed that only the jury, bailiff and court reporter would be present and that the remainder of the courtroom would be cleared. Thus, Petitioner consented to excuse the judge and has failed to establish any prejudice resulting from the judge's absence.  Because this claim is meritless, appellate counsel was not ineffective in failing to raise it.

### 4.   Jury Instructions

The jury requested to review the victim's testimony twice.  Prior to the first read

back of the victim's testimony, the court instructed the jury to consider all of the

testimony presented at trial and not to place undue emphasis on the victim's.  The trial

court refused defense counsel's request for the same instruction prior to the second read

back.  "A jury is presumed to follow its instructions."  *Weeks v. Angelone*, 528 U.S. 225,

234 (2000).  There is no reason why the jury would have ignored the judge's original

instruction because he did not reinstruct them before the second read back.  Moreover,

concerns about placing undue emphasis on a particular witness's testimony are misplaced

where, as in this case, the jury requests reading back of testimony that is "crucial to [the]

determination of guilt or innocence."  *United States v. Rabb*, 453 F.2d 1012, 1014 (3d

Cir. 1971).  Therefore, the Court concludes that the trial court's holding that appellate

counsel was not ineffective in failing to raise this claim on direct appeal is reasonable.

### 5.   Violation of Right to Testify

Petitioner argues that the trial court violated his rights to due process and a fair

trial by announcing to the jury that the taking of proofs and evidence was concluded

before placing on the record Petitioner's waiver of his right to testify.  He further claims

that counsel failed to inform him of his right to testify on his own behalf.  Petitioner

argues that he was left with no choice but to waive his right to testify.

It is well-established that a criminal defendant has a constitutional right to testify

in his own behalf.  *See Rock v. Arkansas*, 483 U.S. 44, 52-53 & n. 10 (1987); *Neuman v.*

19

*Rivers*, 125 F.3d 315, 318 (6th Cir.1997).  When a tactical decision is made by an attorney that a defendant should not testify, the defendant's assent is presumed.  *Gonzales v. Elo*, 233 F. 3d 348, 357 (6th Cir. 2000).  A trial court has no duty to inquire *sua sponte* whether a defendant knowingly, voluntarily, or intelligently waives his right to testify. *United States v. Webber*, 208 F. 3d 545, 551-52 (6th Cir. 2000).  In addition, a state trial judge is not constitutionally required to specifically address a criminal defendant and both explain that he has a right to testify and ask him whether he wishes to waive that right. *Siciliano v. Vose*, 834 F. 2d 29, 30 (1st Cir. 1987).  Waiver of the right to testify may be inferred from a defendant's conduct.  Waiver is presumed from the defendant's failure to testify or notify the trial court of the desire to do so.  *Webber,* 208 F. 3d at 551.

Here, Petitioner did not alert the trial court at any time that he wanted to testify. After excusing the jury, the court informed Petitioner he had a right to testify and Petitioner indicated he did not want to exercise that right.  Because the record is void of any indication by Petitioner that he was unaware of his right to testify or that he disagreed with the decision not to testify, Petitioner has not overcome the presumption that he willingly agreed not to testify.  *Gonzales,* 233 F. 3d at 357.

### 6.    Alleged Ineffective Assistance of Trial Counsel

Petitioner next argues that his defense counsel was ineffective in: (i) failing to object to the screen at preliminary examination; (ii) failing to object to amending the charges; (iii) failing to timely file an offer of proof; (iv) failing to inform defendant of his right to be present; (v) creating a conflict with defendant; and (vi) failing to inform

20

defendant of his right to testify.

As discussed above, the use of a screen at the preliminary examination did not violate the Confrontation Clause.  Therefore, Petitioner cannot say that counsel was ineffective in failing to object to the screen.  Petitioner's argument that counsel was ineffective in failing to object to amending the charges at the preliminary examination to include a second-degree criminal sexual conduct charge is also without merit.  Petitioner appears to argue that, had counsel objected to the amendment, Petitioner would have been found not guilty of first-degree criminal sexual conduct.  Counsel argued that insufficient evidence was presented at the preliminary examination to bind Petitioner over on the first-degree charge.  The trial court judge held that the testimony adduced supported binding Petitioner over on both charges.  Petitioner has not shown that this holding was incorrect under Michigan law.  Therefore, he cannot show that counsel was ineffective in failing to object to the second charge.

Petitioner argues that counsel also was ineffective in failing to file a timely offer of proof prior to an April 6, 2004 hearing, regarding allegations that the victim's cousins had a sexual relationship with her.  Counsel withdrew the motion at the hearing, reserving the right to renew the motion at a later time.  Counsel later renewed the motion and it was considered and denied on the merits without reference to its timeliness.  Even assuming the original motion was untimely, Petitioner has not shown that he suffered any prejudice because the motion ultimately was considered on the merits.

Petitioner's argument that counsel failed to inform him of his right to be present

21

when June's testimony was read back to the jury also fails. As discussed above, Petitioner did not have a right to be present because the reading back of this testimony is not a critical stage of the proceedings. In addition, Petitioner has not shown that he was prejudiced by counsel's agreement that the testimony be read back in Petitioner's absence.

Petitioner next argues that counsel was ineffective because he "created a conflict" between Petitioner and counsel. Petitioner alleges the conflict arose from counsel's recommendation that he plead guilty, counsel's failure to prevent revocation of Petitioner's bond, and, generally, in failing to protect Petitioner's interests. In short, Petitioner argues that counsel's ineffective representation created a conflict. The existing record does not support Petitioner's claim. The record shows that Petitioner's bond was revoked based upon a positive drug test, not upon any action or inaction by his attorney. Petitioner has not shown that counsel's recommendation that he accept a guilty plea, which Petitioner rejected, was motivated by improper considerations or in any way ineffective. Petitioner has not shown that counsel's actions created any conflict that interfered with counsel's desire and ability to act in Petitioner's best interests. Therefore, appellate counsel was not ineffective in failing to raise this claim.

Finally, Petitioner argues that counsel was ineffective in failing to inform him that he had a right to testify in his own defense. Nothing in the record supports Petitioner's assertion that trial counsel failed to advise him of his right to testify. After the defense case rested, defense counsel, outside the jury's presence, informed Petitioner of his right

22

to testify.  Petitioner stated he understood he had a right to testify, that the right existed even if his attorney advised him not to testify, and that he chose not to testify.  Given these facts, the trial court did not unreasonably apply *Strickland* in holding that appellate counsel was not ineffective for failing to raise this issue on appeal.

### 7.    Miscarriage of Justice

Petitioner does not establish cause to excuse the default of his defaulted claims. Habeas review is therefore barred unless Moffat can show that failure to consider any of the claims would result in a fundamental miscarriage of justice.

The Supreme Court explicitly has tied the miscarriage of justice exception to procedural default to a petitioner's innocence.  *Schlup v. Delo*, 513 U.S. 298, 321 (1995). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial."  *Id.* at 324.  "The *Schlup* standard is demanding and permits review only in the 'extraordinary' case."  *House v. Bell*, 547 U.S. 518, 538 (2006) (citation omitted).  To make a showing of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt."  *Id.* at 327.  Petitioner fails to present new, reliable evidence in light of which no reasonable juror would have found him guilty.  Accordingly, these claims are procedurally defaulted.

### F.  Alleged Ineffective Assistance of Appellate Counsel

Finally, Petitioner alleges that his appellate attorney was ineffective in failing to: (i) raise meritorious issues on appeal; (ii) provide requested transcripts; and (iii) visit or consult with Petitioner.

Petitioner claims that appellate counsel was ineffective in failing to raise on direct review the claims raised on collateral review and in the habeas petition.  Petitioner has failed to show that any of the omitted claims were potentially meritorious.  Therefore, Petitioner cannot show that his appellate attorney was ineffective for failing to raise them on direct appeal.

Petitioner's claim that appellate counsel failed to provide requested transcripts to him is meritless.  To demonstrate appellate counsel was ineffective for failing to provide transcripts, a "petitioner must show prejudice resulting from the missing transcripts." *Bransford v. Brown*, 806 F.2d 83, 86 (6th Cir. 1986).  Petitioner fails to explain how his alleged lack of access to the requested transcripts impaired his appeal or otherwise prejudiced him.

Finally, Petitioner claims that appellate counsel was ineffective in failing to consult with him about the appeal.  Even assuming counsel did not consult with Petitioner and that his failure to do so satisfies *Strickland's* first prong, Petitioner has not shown that the trial court's decision denying relief on this claim was an unreasonable application of *Strickland*.  The second *Strickland* prong requires a reasonable probability that, but for counsel's error, the result would have been different.  *See Strickland*, 466 U.S. at 694. Because Petitioner has not pointed to any arguably meritorious issue counsel should have

24

raised (and would have raised if he had consulted Petitioner), he cannot satisfy the prejudice prong.  Habeas relief is denied on this claim.

## IV.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).  In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted.  Therefore, the Court declines to issue a certificate of appealability.

## V.  Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED** and

the matter is **DISMISSED WITH PREJUDICE.**

A certificate of appealability is **DENIED.**

**IT IS ORDERED**.

S/Victoria A. Roberts_____
Victoria A. Roberts
United States District Judge

Dated:  May 3, 2012

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Ronald McBride Jr. by electronic means or U.S. Mail on May 3, 2012. |
| s/Carol A. Pinegar_____ |
| Deputy Clerk |