## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RONALD DALE MCBRIDE,

                              Petitioner,                         Case Number: 2:06-CV-15380

v.                                                         HONORABLE VICTORIA A. ROBERTS

BLAINE LAFLER,

                              Respondent.

_____/

### OPINION AND ORDER

**1) CONSTRUING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AS MOTION FOR RECONSIDERATION;**

**(2) DENYING MOTION FOR RECONSIDERATION;**

**(3) GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL; and**

**(4) DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner Ronald McBride, Jr., filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, a state inmate incarcerated at the Carson City Correctional Facility in Carson City, Michigan, challenged his convictions for first- and second-degree criminal sexual conduct. On May 3, 2012, the Court issued an "Opinion and Order Denying Petition for Writ of Habeas Corpus and Denying Certificate of Appealability." Petitioner has filed a "Motion for Certificate of Appealability." Because the Court already has denied a certificate of appealability (COA), the Court construes

Petitioner's motion as requesting reconsideration of that denial. Petitioner also has filed a "Motion to Proceed *In Forma Pauperis* on Appeal" and a "Motion for Appointment of Counsel."

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

Petitioner asks the Court to reconsider its denial of a certificate of appealability. The Court declined to issue a COA because reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues presented were "adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). Petitioner's arguments for reconsideration amount to a disagreement with the Court's decision. A motion predicated on such an argument is an insufficient ground upon which to grant reconsideration. L.R. 7.1(h)(3); *see also, Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998). Petitioner fails to demonstrate that the Court's decision denying a COA was based upon a palpable defect by which the Court was misled.

Petitioner has filed a "Motion to Proceed *In Forma Pauperis* on Appeal." Federal

2

Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court.  An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith.  28 U.S.C. § 1915(a)(3).  "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith."  *U.S. v. Cahill-Masching*, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000).  Although the Court held that a certificate of appealability should not issue, the Court concludes that an appeal in this case may be taken in good faith.  The Court, therefore, grants Petitioner's "Motion to Proceed *In Forma Pauperis* on Appeal."

Finally, Petitioner has filed a "Motion for Appointment of Counsel."  However, on May 24, 2012, he filed a notice of appeal.  The filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); Workman v. Tate, 958 F.2d 164, 167 (6th Cir.1992).  Petitioner's notice of appeal divests this Court of jurisdiction to consider his motion for the appointment of appellate counsel.  *See Hawkins v. United States*, 2011 WL 665475, *1 (S.D. Ill. Feb. 14, 2011) (denying motion for appointment without prejudice because notice of appeal filed in Seventh Circuit Court of Appeals divested district court of jurisdiction to address motion); *Brinton v. Gaffney*, 560 F. Supp. 28, 29-30 (E.D. Pa.

3

1983); *Grizzell v. Tennessee*, 601 F.Supp. 230, 232 (M.D. Tenn. 1984)).

Accordingly, the Court DENIES Petitioner's "Motion for Certificate of Appealability" [dkt. # 43], which the Court has construed as a "Motion for Reconsideration." The Court DENIES WITHOUT PREJUDICE Petitioner's "Motion for Appointment of Counsel" [dkt. # 45].

The Court GRANTS Petitioner's "Motion to Proceed *In Forma Pauperis* on Appeal" [dkt. #44].

SO ORDERED

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  August 20, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record and Ronald Dale McBride  by electronic means or U.S. Mail on August 20, 2012.

s/Carol A. Pinegar
Deputy Clerk

4